## Scottsville Oil Company, et al. v. Lovell, et al.

### (Decided June 6, 1924.)

### Appeal from Allen Circuit Court.

1. Pleading—No Evidence May be Heard Upon Trial of Demurrer.— No evidence may be heard upon trial of a demurrer.
2. Pleading—Answer, Categorically Denying Cause of Action Stated, Sufficient.—An answer, categorically denying cause of action stated in petition, must be held legally sufficient on demurrer.
3. Appeal and Error—That Judgment Rendered would be Authorized Immaterial on Appeal from Sustaining of Demurrer.—Fact that judgment rendered would be authorized had demurrer been overruled and cause heard on issues made by reply upon evidence adduced in another case on similar issues is immaterial on question of action on appeal wherein sustaining of demurrer complained of.

SIMMS & SIMMS for appellants.

F. R. GOAD for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The plaintiffs and appellees, R. S. Lovell, Stanley Lovell, Carl Johnson, Kelsie Bros., and Vernon Pearson, filed their separate petitions in the Allen circuit court

against the Kosciuszko Oil & Gas Company, seeking to recover a judgment against it for the respective sums claimed to be due by the various plaintiffs, ranging from $1,058.91 in the R. S. Lovell case to $291.92 in the Kelsie Brothers case, and in each petition the name of B. W. Bates, was joined in the caption as a defendant, but in the body thereof no cause of action was stated against him, but it was averred that he had in his hands $4,400.00 due the defendant Kosciuszko Oil & Gas Company, which the petitions sought to attach in his hands. Grounds for general attachments were contained in each petition and it is claimed that orders of attachment were issued and levied upon certain tangible personal property as well as served upon Bates as garnishee, but no orders of attachment or any return of the sheriff showing any levy thereunder is found in the record. Bates answered as garnishee, and admitted that he had in his hands $3,-422.25 due the corporate defendant in each case, and that he was ready to pay it to whomsoever the court ordered. The causes were consolidated followed by the appellant, Scottsville Oil Company, filing its intervening petition in the consolidated cases in which it denied that the Kosciuszko Oil & Gas Company owned any of the attached property or had any beneficial interest therein, but that on the contrary it owned all of it and it prayed for a judgment to that effect.

After that the various plaintiffs filed their amended petitions in which they made Bates and the appellants, Scottsville Oil Company, the Texas Rainbow Oil Company and the Indian Refining Company, defendants. No judgment was sought against the latter company, but it was averred in the amended petitions that it was indebted to the original corporate defendant as well as the newly made ones in various sums for oil which it had purchased from them jointly; and that the cause of action originally declared on, which we gather from the pleadings was for services and material furnished to the original defendant at its special instance and request, were jointly contracted for by Bates and all the corporate defendants who were operating the oil leases under a partnership arrangement, and as such contracted the various debts sued for, and a judgment against each of them was asked. Bates was not served on that amended petition, nor did he respond to it by any pleading or otherwise enter his appearance thereto. The appellants, Scottsville Oil Company and Texas Rainbow Oil Com-

pany, each filed answer, in which they denied the joint operation of the oil lease with the Kosciuszko Oil & Gas Company or that it operated the lease for or in behalf of either of the answering defendants, or that it was in anywise interested in the oil produced therefrom or in the funds in the hands of the garnishee, but that on the contrary all of such funds belonged to them in certain proportions. They further denied that the services and materials sued for were furnished to them or at their instance and request or to any partnership of which either of them were members. Some affirmative allegations were made in a second paragraph, and plaintiffs filed a general demurrer to the answer as a whole, but before the court acted on it and without waiving it they filed a reply controverting the affirmative allegations contained in the answers. At that stage the consolidated causes were submitted on the demurrer filed to the answers of the two appellants, who, as we have seen, were brought into the case by the amended petition for the first time. The original corporate defendant, Kosciuszko Oil & Gas Company, filed no defense whatever to either the petition or the amended petition, if indeed it was ever brought before the court, which does not appear, since no summons or any return thereon is found in the record.

The court filed an opinion in which it stated that "These are consolidated cases submitted to the court upon a general demurrer filed to the answer of the defendants, Scottsville Oil Company and Texas Rainbow Oil Company." The opinion then recites that the pleadings, including the reply filed without waiving the demurrer, raised "exactly the same issue . . . as was in the case of Dye Bros. v. Kosciuszko Oil & Gas Company . . . just tried by this court," and it was further stated therein that "It was admitted by counsel for the Texas Rainbow Oil Company and the Scottsville Oil Company that the same proof would be introduced in this consolidated cause as was introduced before the court . . . in the said case of Dye Bros. v. Kosciuszko Oil & Gas Company." The court then continues in its opinion and concludes that: "By virtue of the proof just heard by the court, the court ascertained the exact nature of the sale arrangements between the said Scottsville Oil Company and Texas Rainbow Oil Company to the Kosciuszko Oil & Gas Company and understands full well the

nature and meaning of the allegation discussing this fact in defendants' answer and these consolidated cases. It is therefore the opinion of this court that the answers do not make sufficient allegations to constitute a valid defense to the claims of the plaintiffs herein and therefore said demurrer may be sustained." That opinion was followed by the judgment appealed from in which it is recited that the consolidated causes were submitted upon the demurrer to the answer of defendants "and the court having given a written opinion herein assigning his reasons for sustaining said demurrers  .  .·  .  it is ordered by the court that said demurrers be and same is hereby sustained." The defendants declined to plead further and the causes were then submitted and judgments were rendered in favor of the various plaintiffs for the amounts set forth in the original petitions and for the additional sums incorporated in the amended petitions, which it was alleged therein had been contracted since the time of bringing the actions. The judgments were against all three of the corporations and Bates individually, and from it the Scottsville Oil Company and the Texas Rainbow Oil Company prosecute this appeal.

There were some issues made by the reply to the affirmative matters set up in the answer in addition to the denial contained therein, but under the view we take of this case, it will be unnecessary to discuss any of them or to determine the propriety of the court's ruling concerning any of them, since the facts, as above recited, are clearly sufficient to show that the judgments are erroneous and must be reversed. It will be observed that the answers of appellants contained a specific denial of the grounds upon which a recovery against them was sought, but the court in passing on the demurrer, as we have seen from excerpts taken from its opinion, held that the specific denial of the answers of appellants was insufficient in the light of the evidence adduced in the Dye Brothers case on what the court deemed to be similar issues. Clearly, if the issues in the two causes were substantially the same and the evidence in the Dye Brothers case was sufficient to authorize the judgment appealed from, there would exist no ground for disturbing it, but there is no rule better settled than the one that no evidence may be heard upon the trial of a demurrer to a pleading. The only issue before the court upon such a hearing is the sufficiency in law of the allegations of the

pleading demurred to, which, as we have seen in this case, was a categorical denial of the cause of action stated in the amended petitions, and there can be no doubt of its legal sufficiency. Neither may the fact that the judgment rendered would be authorized had the demurrer been overruled and the cause heard upon the issues made by the reply upon the evidence adduced in the Dye Brothers case be considered, even if the agreement to introduce that evidence on the final hearing was undisputed, but which, however, is untrue, since attorney for appellants filed his affidavit stating that at the time of the submission he was in Bowling Green, Kentucky, where he resides, and neither at that time nor any other time prior thereto had he made any such agreement. But, however that may be, the question before us is whether the court was authorized to resort to evidence upon the trial of an issue raised by a demurrer to an indisputably sufficient pleading. The rules of practice denying such authority are so thoroughly established without a dissenting judicial voice that we deem it unnecessary to insert in this opinion any opinions or text book references in support thereof.

The demurrer to the answer, as a whole, should have been overruled and the causes tried upon the issues of fact made by the reply, upon which hearing the parties could introduce any competent evidence they desired, including that introduced and heard in a totally independent cause, if they agreed thereto.

Wherefore, the judgments are each reversed with directions to overrule the demurrer to the answers of appellants and for proceedings consistent with this opinion.